**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Todd M. Horstkotte</u>

    v.                                                         Civil No. 08-cv-285-JL

<u>William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.</u>[1]

**O R D E R**

     Before the Court is Todd Horstkotte's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983.  Horstkotte brings this action against William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC") and other NHDOC and New Hampshire State Prison ("NHSP") employees, alleging that the defendants violated his federal constitutional rights during his incarceration at the NHSP.  The complaint is before me for preliminary review to determine whether, among other things, it

---

[1] In addition to Wrenn, Horstkotte names the following defendants to this action: New Hampshire State Prison ("NHSP") Warden Richard Gerry, New Hampshire Department of Corrections ("NHDOC") Deputy Commissioner Christopher Kench, NHSP Corrections Officer ("C.O.") Brian Bernard, NHSP C.O. Luca Susca, and NHSP Secure Housing Unit Manager Normand Marquis, as well as a John Doe defendant who is described as the third shift officer in charge of the Secure Housing Unit.

states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).  As fully explained in the Report and Recommendation issued simultaneously with this Order, I direct that the retaliation claim alleged this action be served on defendants Bernard, Wrenn, Kench, Gerry, and Marquis, and on the John Doe defendant, at such time as Horstkotte amends his complaint to identify him by name to this Court, in their individual capacities.

I order the complaint (document no. 1) be served on defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document no. 1). See LR 4.3(d)(2)©.  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

／s／ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   January 16, 2009

cc:     Todd M. Horstkotte, pro se